UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBEY HAIRSTON,<br><br>    Petitioner,<br><br>    v.<br><br>DAVID ZULFA,<br><br>    Respondent. | Case No. 1:19-cv-00023-JDP<br><br>ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION<br><br>ECF No. 1 |

Petitioner Ryann Lynn Jones, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. The court will require petitioner to file an amended petition addressing the deficiencies identified below.

Under Rule 4, the assigned judge must promptly examine the habeas petition and must order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. Rule 4 was "designed to give courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). The rule also "imposes on courts the duty to screen out" petitions that are frivolous, vague, conclusory, "palpably incredible," "patently frivolous," or false. *Id.* Unlike a complaint in other civil cases, a Section 2254 petition must adhere to a proscribed form appended to Rules Governing Section 2254 Cases. *See* Rules Governing Section 2254 Cases, Rule 2(d). The appended form prompts a habeas petitioner to provide answers pertaining to various procedural matters, such as procedural default

1

and exhaustion, and the court may dismiss claims at screening for "easily identifiable" procedural defects. *See Ross*, 896 F.3d at 968.

Here, the petition presents three problems. First, parts of the petition are illegible. *See* ECF No. 1 at 5-6. Second, the legible portions are too conclusory and do not contain supporting facts. *See* ECF No. 1 at 6 ("Grounds four: CDCR Discrimination in court . . . By Judge, DA David Zulfa, DA Brandon!"). Third, the petition indicates that petitioner has not exhausted his claims. *See id*. at 5-7. The court will allow petitioner to address these deficiencies. By the deadline set forth below, petitioner must file a new, amended, and legible petition that contains facts supporting his habeas claims. Petitioner must also explain why the court should not dismiss the petition even though petitioner has not exhausted his claims. Failure to comply with this order will result in dismissal.

**Order**

Petitioner Robey Hairston must file an amended petition for a writ of habeas corpus within thirty days of the date of this order.

IT IS SO ORDERED.

Dated: January 8, 2019

UNITED STATES MAGISTRATE JUDGE