UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBEY KURT HAIRSTON,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DAVID ZULFA,<br><br>　　　　　Respondent. | Case No. 1:19-cv-00023-JDP<br><br>FINDINGS AND RECOMMEDATION TO DISMISS PETITION AND DENY CERTIFICATE OF APPEALABILITY<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

　　　　Petitioner Robey Kurt Hairston, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On January 9, 2019, I screened petitioner's habeas petition, found it deficient, and ordered him to file an amended petition or face dismissal. ECF No. 9. Because petitioner has failed to amend his petition, I recommend that the petition be dismissed.

　　　　Under Rule 4 of the Rules Governing Section 2254 Cases, the assigned judge must promptly examine the habeas petition and must order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. Rule 4 was "designed to give courts an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). The rule also "imposes on courts the duty to screen out" petitions that are frivolous, vague, conclusory, "palpably incredible," "patently frivolous," or

false. *Id.* The court may dismiss claims at screening for "easily identifiable" procedural defects. *See Ross*, 896 F.3d at 968. I recommend that the court dismiss at screening for two reasons.

First, on December 14, 2018, petitioner filed a partially illegible writ of habeas corpus containing conclusory statements and lacking supporting facts. ECF No. 1 at 5-7. Petitioner failed to state a claim; I cannot determine from the petition the nature of petitioner's habeas claims or the relief sought. *Id.* On January 9, 2019, I issued an order allowing petitioner to amend his petition within thirty days. ECF No. 9. I specifically ordered petitioner to file a legible petition containing facts supporting his claims and warned him that failure to comply with the order would result in recommended dismissal. *Id.* Over ten months have passed, and petitioner has not filed an amended petition or any other motion with this court.

Second, petitioner has failed to present any evidence of exhaustion of state-level remedies. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). I have reviewed the California Supreme Court dockets and take judicial notice of them per Rule 201 of the Federal Rules of Evidence. *See* California Courts Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov (search "Search by Party" for "Robey Hairston"). Petitioner made his most recent state-level habeas filings in 2010, all of which were dismissed. In the instant case, petitioner claims relief from a 2017 criminal conviction. Therefore, he has not exhausted his state-level remedies.

**Order**

The clerk of court is directed to assign this case to a district judge, who will preside over this case. The undersigned will remain as the magistrate judge assigned to the case.

**Recommendation**

I recommend that petitioner's writ of habeas corpus be dismissed for failure to state a claim and for failure to exhaust state-level remedies. I submit these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. The document containing the objections must be

captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: November 13, 2019

UNITED STATES MAGISTRATE JUDGE

No. 206.